## MARY A. RIDGLEY, Exrx.

*v.*

## THE PEOPLE *ex rel.* John R. Richards.

*Filed at Springfield November 10, 1896.*

1. EXECUTORS AND ADMINISTRATORS—*failure of executrix to file a report—who may complain.* One who is, by the terms of the will, to close the administration of an estate upon the death of the executrix, has such an interest as entitles him to compel her to file a report, as executrix, with the county court.

2. SAME—*legal status of executrix who is also legatee.* An executrix who is also a legatee under the will occupies a dual relation to the administration, and her official acts as executrix are under the control of the county court, which ceases when the estate is administered and the residue turned over to her as legatee.

*People ex rel.* v. *Ridgley,* 63 Ill. App. 556, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

E. W. HAYES, and RINAKER & RINAKER, for appellant:

Our contention is, that the intention of the testator, if clearly expressed, will be enforced, notwithstanding sections 112 and 113, of chapter 3, of the Revised Statutes.

The restraint placed upon a testator is no greater than that which exists in cases of alienation of property *inter vivos.* 1 Woerner on Law of Administration, sec. 7.

In volume 1, page 433, of Judge Woerner's work above quoted, the author quotes with approval from *Fretwell* v. *McLemore,* 52 Ala. 124, as follows: "A court of equity will dispense with an administration, and decree distribution directly, when it affirmatively appears that if there was an administrator the only duty devolving on him would be distribution. Then administration is regarded as a useless ceremony."

Our Supreme Court holds administration is not necessary, notwithstanding the statute, in the case of those

who die "at an age when they were incapable, in law, of contracting debts." *McCleary* v. *Menke*, 109 Ill. 294; *Lynch* v. *Rotan*, 39 id. 14.

CHARLES E. RICHARDS, A. N. YANCY, and ANDERSON & BELL, for appellee:

In many States the representative may be cited to account by the probate court, of its own motion. *Cawls* v. *Whitman*, 10 Conn. 121.

The representative may be cited at the instance of any one having an interest or even the appearance of interest. Williams on Executors, 375, 2057; *Reiley* v. *Duffey*, 4 Denio, 366.

In the United States, as well as in England, the representative is bound to account upon the application of any one interested in the estate. *Becker* v. *Hoper*, 8 How. 68; *Harris* v. *City*, 25 N.Y. 138; *Hobbs* v. *Craige*, 1 N. C. 332.

We refer to the following decisions of our own Supreme Court as tending strongly to sustain us in the construction which we give to this will: *Boyd* v. *Strahan*, 36 Ill. 355; *Handberry* v. *Doolittle*, 38 id. 202; *Henderson* v. *Blackburn*, 104 id. 227; *Hamlin* v. *Express Co.* 107 id. 443; *Griffin* v. *Griffin*, 141 id. 373.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John R. Richards filed his petition in the county court of Macoupin county for a citation to the appellant, Mary A. Ridgley, as executrix of the last will and testament of Richard Ridgley, deceased, to compel her to make a report to said court of her accounts as such executrix. A citation was issued and served, and there was a hearing. The county court granted the petition, and ordered appellant to file her report as executrix within thirty days. On appeal the circuit court dismissed the petition and a further appeal was taken to the Appellate Court, where the order of the circuit court was reversed and

the cause was remanded, with directions to enter an order requiring appellant to report as executrix, in compliance with the order of the county court.

The hearing was had upon a stipulation as to the facts in connection with the will of Richard Ridgley. By the first two clauses of the will specific bequests were made to Mary G. True and the Congregational Society of Bunker Hill, and the third clause was as follows: "I give and bequeath to my wife, Mary Ann Ridgley, all the rest, residue and remainder of my estate, both real and personal, of every name and nature, during her natural life; and I further hereby empower my said wife, Mary Ann Ridgley, to sell and convey and make good and sufficient deeds of conveyances to any or all of the real estate which I may own at the time of my death, and to sell and dispose of all or any of my personal property which I may own at the time of my death, and it is my will that my said wife use or invest the proceeds of such sales as she may see fit, and it is my will that she shall not be required to account to any one for the use of the same." Said Mary Ann Ridgley was appointed sole executrix of the will, with the direction that no bond should be required of her, and it was provided that after her death what should remain of the estate should be equally divided between the heirs of the testator's two sisters, Rhoda Bird and Eliza Richards, and that the petitioner, John R. Richards, after the death of said wife, should take charge of and finish the settlement of the estate.

The agreed facts were, that Richard Ridgley died in March, 1887; that his widow, the appellant, in April, 1887, qualified as executrix of the will; that on June 22, 1887, she filed an inventory of the estate, showing the assets to be a number of town lots in Bunker Hill, and notes and accounts amounting to $20,540, and household furniture, etc., of the appraised value of $618.95, which was taken on the widow's award; that no other report had ever been made by the executrix to the county court,

and that the relator, John R. Richards, is the same John R. Richards mentioned in the will and is the son of Eliza Richards mentioned in said will.

The statute requires all executors to make report of their accounts to the county court at the first term after the expiration of one year from the date of their letters, and in like manner every twelve months thereafter, or sooner if required, until their duties are fully completed, and the court is required to enforce settlements. Appellant has not complied with this statute. It was her duty, as executrix, to pay and discharge the just claims proved against the estate, to pay the specific bequests mentioned in the will, and to turn over to herself, as legatee, the residue, under the third clause of the will. It was the duty of the county court to see that the estate was so settled and administered in accordance with the provisions of the will. The relator has such an interest as entitles him to enforce compliance with the law. The will provided for a further disposition of whatever might remain after the death of appellant, and he was appointed to take upon himself the execution of that part of the will. He has a right to see that the estate is closed up and that reports are made showing what appellant receives as legatee, so as to enable the beneficiaries under the will, after her death, to distinguish what may remain of that estate from other estate of appellant in which they would have no interest. It is by the reports that the amount and character of the estate subject to the further provision may be known and the rights of such beneficiaries be protected.

It is argued in behalf of appellant that the third clause above quoted relieved her from the duty of making any report of her accounts as executrix. This idea results, apparently, from some confusion in the minds of counsel arising from the fact that the executrix and the legatee under that clause are the same person. But the law is not different on that account. If the legatee were a dif-

ferent person there would be no color for the claim that, under the clause, the testator had attempted to exempt the executrix from the duty of making reports. She occupies a dual relation to the administration: First she is executrix, bound to administer the estate and perform the functions of executrix; and secondly she is legatee, entitled to receive the remainder of the estate after the payment of debts and specific bequests.

The petition further charged that appellant had so handled the estate that the income had been decreased more than one-half, and that she had been guilty of gross and willful waste of the estate by giving away large sums of money, and by deed unlawfully disposing of lands and equities, to the injury of the petitioner and the other parties in interest. If the alleged acts were done as legatee and owner of the estate for life with power of disposition, the county court would have no control of the question; and if the petitioner, or those who would be entitled to what might remain after her death, had any right on account of waste of the estate or appropriation by her as legatee, the remedy could not be found in that court. When the estate in the hands of the executrix shall be administered and the residue delivered to the legatee the county court will cease to have control over such estate. She will then have a life estate as legatee, with full power to sell, convey and dispose of the property at her pleasure, and to use and invest the proceeds as she may see fit. The power of control by the county court over appellant is only as executrix, and when she shall have performed all her duties as such, she will be entitled to a discharge and its jurisdiction will cease. She should, however, be required to report as executrix, and to complete the duties imposed upon her by the will and the statute, under the supervision of the court.

The judgment of the Appellate Court will therefore be affirmed.      *Judgment affirmed.*